IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

James E. Bennett,                    )    Case No.: 1:24-cv-6945-JD-SVH
                                     )
            Petitioner,              )
                                     )
      vs.                            )
                                     )    **ORDER AND OPINION**
Sheriff Kevin R. Tolson,             )
                                     )
            Respondent.              )
                                     )
_____          )

This matter is before the Court with the Report and Recommendation

("Report") of United States Magistrate Judge Shiva V. Hodges (DE 12), made under

Local Civ. Rule 73.02(B)(2)(c) of the District of South Carolina, concerning the

Magistrate Judge's initial review of Petitioner James E. Bennett's ("Petitioner" or

"Bennett") pleadings.[1] (DE 1.)

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court

incorporates without a complete recitation. In any event, the Court provides this

summary as a brief background.

At the time the Petition was filed, Petitioner was an inmate in the custody of

the York County Detention Center. He alleges he was found to be incompetent and

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

that he was being held for 180 days under an order of restoration of competency to stand trial. (DE 1.) Petitioner also alleges his criminal charges have been transferred to probate court and further believes the Government has implanted a transmitter in his ear. (*Id.*) Petitioner asks this Court to "open back up criminal case [and] order facility to remove transmitter from [his] ear." (*Id.* at 7.)

The Magistrate Judge issued an order directing Petitioner to pay the $5 filing fee for a habeas corpus action or to complete and return the Form AO 240 (application to proceed in forma pauperis). (DE 4.) The order also warned Petitioner that failure to comply with the order may result in the dismissal of his case. Petitioner filed no response. On January 3, 2025, the Magistrate Judge issued a second order directing Petitioner to pay the $5 filing fee for a habeas corpus action or complete and return the Form AO 240. (DE 7.) Petitioner was advised that:

> If Petitioner does not provide the information below within the time permitted under this order, this case may be dismissed for failure to prosecute and comply with an order of this court under Rule 41 of the Fed. R. Civ. P.

(*Id.*) Petitioner did not respond to the Court's orders.

**B. Report and Recommendation**

On January 31, 2025, the Magistrate Judge issued the Report recommending that Petitioner's case be dismissed without prejudice for failure to prosecute under Rule 41 Fed. R. Civ. P. The Report states:

> It is well established that a district court has authority to dismiss a case for failure to prosecute. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. In addition to its inherent authority,

2

this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

(DE 12 at 2) (Internal citations and quotations omitted.) Accordingly, the Report recommends dismissal based on Petitioner's failure to respond to the Court's orders. (*Id.*) Petitioner did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Petitioner has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Bennett's Petition is dismissed without prejudice. It is also **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 1, 2025

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.